IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A. DEAN OSWALT et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 97-733 |
| | ) | (Judge Futey) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO STAY SUMMARY JUDGMENT
BRIEFING SCHEDULE PENDING PLAINTIFFS' RESPONSES TO DISCOVERY

Pursuant to this Court's inherent power to control its proceedings, we respectfully request that the Court stay the briefing of summary judgment motions in this case so that plaintiffs can respond to our requests for production of documents. We also respectfully request that in its order, the Court require the parties to submit a joint status report with a proposed revised briefing schedule within 14 days of service of plaintiffs' response to the requests for production. As discussed below, we have been unable to contact plaintiff's counsel to obtain plaintiffs' position regarding this motion.'

The facts necessitating such an order are as follows:

1. Plaintiffs filed this action alleging that the Secretary of the Interior failed to provide irrigation water to their farms in accordance with contracts with the Secretary of the Interior.

2. On April 24, 2007, at the deposition of plaintiff Michelle Oswalt, we learned for the first time that plaintiffs' had made a videotape that they claim documents the delivery of water to their farms during the time period in question in this case – an issue that goes to the heart of the case. During a recess in Ms. Oswalt's deposition, or in between the multiple depositions scheduled for that day, we asked that plaintiffs' counsel produce the videotape. Plaintiffs' counsel agreed.

3. In the intervening months between April and December 2007, during multiple telephone conversations, plaintiffs' counsel repeatedly assured us that plaintiffs would produce the videotape, but that he was having trouble finding it. Given the repeated assurances we received from plaintiffs' counsel and our good, informal relationship with him, we did not believe it necessary to file formal requests for the videotape until the date of the close of discovery, December 21, 2007.

4. We again discussed the videotape with plaintiffs' counsel in preparing the joint status report filed by the parties on January 15, 2008. In those discussions, plaintiffs' counsel agreed to produce the videotape and responses to other requests for production served on December 21, 2007. Plaintiffs' counsel's agreement is reflected in paragraph one of the joint status report, which indicates that "[t]he parties stipulate that . . . [t]he parties will provide final responses to written discovery filed before the close of discovery . . . on or before January 31, 2008." The briefing schedule that the parties proposed in the joint status report, and that the Court entered, was based upon timely compliance with this stipulation.

5. Neither the videotape, nor any other responses, have been produced, rendering us unable to complete a draft summary judgment motion that we planned to file, in accordance with the Court's order of January 16, 2008, on March 7, 2008.

6. To address this problem amicably, without need to resort to the Court, we began calling plaintiffs' counsel on or about February 25, 2008 to determine plaintiffs' status. We have left voice mail messages with plaintiff's counsel repeatedly since that date, indicating our wish to discuss the issues addressed in this motion. We have also spoken to plaintiffs' counsel's legal assistant twice about these issues, and she has informed us that she has left messages or sent e-mails to plaintiff's counsel. Until this morning, we did not receive any response from plaintiff's

counsel. At approximately 12:30 pm (EST) today, we received a voicemail message from plaintiffs' counsel indicating that he is very busy. We have attempted to return the call twice, but are unable to reach him.[1]

It is essential that we have the videotape before we file our motion for summary judgment. The videotape may bear on the critical issues in this case, and the contents of our summary judgment motion. Because we have been unable to reach plaintiffs' counsel, we are not sure of the present status of plaintiffs' response is and therefore have not requested that the Court compel the discovery by a certain time, but rather request that it allow plaintiffs to comply within a reasonable time, so that they may resolve whatever issues have caused the delay.

For these reasons, we respectfully request that the Court stay the filing and briefing of summary judgment motions until such time as plaintiffs provide their response. We respectfully propose that the Court order the parties to propose a new briefing schedule in a joint status report to be filed 14 days after plaintiffs serve their response upon us.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

[1] Counsel have had a good working relationship that has been cooperative and professional throughout this litigation. In filing this motion, we do not mean to criticize or object to any actions by plaintiffs' counsel, but simply to explain to the Court the circumstances necessitating the relief that we seek and the fact that we seek it prior to obtaining plaintiffs' position.

s/ Brian T. Edmunds
BRIAN T. EDMUNDS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, NW
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Ph. (202) 616-8253
Fax (202) 305-7644

March 4, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I certify that on this 4th day of March 2008, the foregoing MOTION TO STAY SUMMARY JUDGMENT BRIEFING SCHEDULE PENDING PLAINTIFFS' RESPONSES TO DISCOVERY was filed electronically. Parties may access the filing through the Court's electronic system.

s/ Brian T. Edmunds