# Exhibit C

34

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| A. DEAN OSWALT and REINIE OSWALT, husband and wife; CRAIG OSWALT and MICHELLE OSWALT, husband and wife; and KIRK OSWALT and STACIE OSWALT, husband and wife;<br><br>vs.<br><br>United States of America. | NO. 97-733 C<br>(JUDGE FUTEY) |

**Plaintiffs' Statement of Genuine Issues**

1. Plaintiffs agree with paragraph 1 with the addition that Dean Oswalt also farms lands which he owns in fee. (Sworn Statement of A. Dean Oswalt at ¶1)

2. Plaintiffs agree with paragraph 2.

3. Plaintiffs agree with paragraph 3.

4. Plaintiffs generally agree with paragraph 4 but the exact creation is described in ¶9 of Plaintiffs' Proposed Finding of Uncontroverted Fact.

5. Plaintiffs agree with paragraph 5.

6. Plaintiffs agree with paragraph 6.

7. Plaintiffs disagree that a "condition precedent" is set forth in the statute.

8. Plaintiffs agree with paragraph 8.

9. Plaintiffs agree with paragraph 9.



Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

35

10. Plaintiffs agree with paragraph 10.

11. Plaintiffs generally disagree with paragraph 11. Both the Application for Water Rights and the Leases contain paragraphs addressing the payment of assessments but do not make the payment thereof a "condition precedent to receiving water." The "Application for Water Right" at ¶10 provides:

> The party of the first part hereby reserves the right to refuse delivery of water at any time to any tract of land described herein upon failure of the owners to promptly pay any irrigation charges occruing against said land when such charges become due and payable as announced from time to time by the Secretary of the Interior.

The lease agreements provide, at ¶3 that:

> It is understood and agreed that the lessee will pay all operation and maintenance assessments annually in advance on the due date preceding each irrigation season, including any penalities accruing against the above described land under irrigation and will pay all charges assessed in connection with any other inmprovement project or district within which the lands may be located, pursuant to the existing or future orders or regulations of the Secretary.

12. Plaintiffs agree that the "Application For Water Rights" quotes the Act of May 18, 1916 (39 Stats. 154) and that the defendant has acurately quoted that section. Paragraph 7 of the Application for Water Rights provides, in pertinent part that, "It is the sense of this agreement that the lands in the respective Classes A and B shall be subject to the following pro rata irrigation charges, on a per acre basis, payable under such rules and regulations as the Secretary of the Interior may prescribe: . . ."



Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

Paragraph 8 of the Application for Water Rights provides that:

> The party of the second part hereby binds himself, his heirs, and assigns to pay all of the charge for water specified herein, whenever the same shall become due and payable, under such rules and regulations as the Secretary of Interior may from time to time prescribe, which charges, and each installment thereof , until paid, shall constitute a first lien against the land described herein; and which said lien may be enforced in the same manner and to the same extent as mortgages against land are enforceable under the statutes of the State of Washington.

13. Plaintiffs agree with paragraph 13.

14. Plaintiffs agree that the lease language states that operation and maintenance assessements will be paid in advance. See response to paragraph 15 below for the discussion of the regulations refered to in paragraph 14.

15. Plaintiffs agree that the defendant has accurately quoted a portion of 25 C.F.R. § 171.17(a). The other section of 25 C.F.R. § 171.17 are not set forth. 25 C.F.R. § 171.17(c) & (e) do not provide that assessments must be paid prior to the delivery of water.

16. Plaintiffs agree that 25 C.F.R. § 171.22 provides that, "All complaints must be made in writing to the Project Engineer or the Officer-in Charge of the project." Plaintiffs further agree that 25 C.F.R. § 171.23 provides that:

> In case of a dispute between a water user and the Project Engineer or Officer-in-Charge of the project concerning the application of the regulations of this part or a decision rendered by such official, the water user within 30 days may appeal to the Area Director. Further appeals may be made to the



Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

31

Commissioner of Indian Affairs pursuant to part 2 of this chapter.

17. Plaintiffs agree that some payments were not made prior to the irrigation season begining. The citations to the record by defendant identifies when the payments were made. In addition, the Declaration of A. Dean Oswalt, at ¶7 states this as well and states that all payments for 1994 have now been made.

18. Plaintiffs agree with paragraph 18.

19. Plaintiffs agree with paragraph 19.

20. Plaintiffs agree with paragraph 20.

21. Plaintiffs agree with paragraph 21.

22. Plaintiffs agree that the drought of 1994 presented the WIP with a challenge to deliver irrigation water throughout the project. Plaintiffs disagree that it was difficult to accomplish this task since, as is set forth in the Sworn Statement of A. Dean Oswalt at ¶¶ 6-10, they did receive their proportionate share of irrigation water from the inception of the irrigation season through June 9, 1994 and again beginning on July 24, 1994 through the end of the irrigation season.

23. Plaintiffs disagree with ¶ 23. As is set forth in the Oswalt Sworn Statement at ¶¶ 6-10, the plaintiffs had no problem receiving their proportionate share of irrigation water for the entire irrigation season with the exception of the time between June 9, 1994 and July 24, 1994. During that time, the plaintiffs' neighbors, who drew water from the same canals as plaintiffs, were receiving their proportionate share of irrigation water.



Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

Sufficient water was available to give the plaintiffs their proportionate share. It simply was not delivered.

DATED this 30TH day of September, 1998.

VELIKANJE, MOORE & SHORE, P.S.
Attorneys for Plaintiffs

By: ______________________
J. Jay Carroll
WSBA No. 17424



Velikanje, Moore & Shore, P.S.
attorneys at law
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030