IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A. DEAN OSWALT, REINIE OSWALT, CRAIG OSWALT, MICHELLE OSWALT, KIRK OSWALT, and STACIE OSWALT, | ) | |
| Plaintiffs, | ) | No. 97-733C |
| | ) | (Senior Judge Futey) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, submits the following proposed findings of uncontroverted fact in support of our motion for summary judgment.[1]

1. Plaintiffs own and lease land in Yakima County, Washington, that is within the boundaries of the Wapato Irrigation Project ("WIP"). Compl. ¶ 4, Plaintiffs' Statement ¶ 1. The land is also within the Yakima Indian Reservation, which was created by treaty in 1855. Compl. ¶¶ 4-5.

2. Plaintiffs farm both fee lands and trust lands within the boundaries of the WIP. Plaintiffs' Statement, ¶ 1.

3. Copies of the plaintiffs' leases for allotments 361, 363, T-1011, 1988, 2303 and T-2303, 3694, 3704 and 3705 are included at pp. 48-107 of the appendix that was filed with

[1] "Compl." refers to plaintiff's amended complaint. "A___" refers to the appendix that was filed with defendant's motion for summary judgment. "Plaintiff's Statement" refers to Plaintiff's Statement Of Genuine Issues Of Fact, dated September 30, 1998, which was submitted in response to defendant's proposed findings of uncontroverted fact dated August 31, 1998, in connection with defendant's first dispositive motion in this case.

defendant's motion for summary judgment.

4. During 1994, the Yakima Reservation experienced one of the worst droughts ever recorded. Plaintiffs' Statement, ¶ 21; Oberly Decl., ¶ 2; Howerton Decl., ¶ 6. Consequently, there was a water shortage and the amount of available water was drastically reduced. Plaintiffs' Statement, ¶ 21; Oberly Decl., ¶¶ 2, 3, 6; Cartmell Decl., ¶ 3; Schramm Decl., ¶ 13.

5. Plaintiff Dean Oswalt did not pay the operation and maintenance ("O&M") assessments for allotments 794 and 1988 until June 23, 1994. Plaintiffs' Statement, ¶ 18; Domondon Decl. ¶ 3 and attachment 1; requests for admission nos. 7-12; Oswalt affidavit, ¶ 3.

6. Craig Oswalt did not pay the O&M assessment for allotments T-1101, 3704, and 3705 in 1994. Plaintiffs' Statement, ¶ 19; Domondon Decl. ¶ 3 and attachment 1; requests for admission nos. 13-16; Oswalt affidavit ¶ 3.

7. Plaintiffs' "Notice of Written Complaint," dated May 12, 2003, did not refer to allotment 794.

8. Plaintiffs do not know how much water was provided to allotment 361. Dean Oswalt Dep., p. 56 at 19 – p. 57 at 3, A135-36.

9. Plaintiffs do not know how much water was provided to allotment 363. Dean Oswalt Dep., p. 57 at 25 – p. 58 at 2, A136-37.

10. Plaintiffs cannot state with reasonable certainty the extent to which the alleged shortfall of irrigation water diminished their crop yields. Dean Oswalt Dep. p. 42 at 24 – p. 47 at 16, A121-26.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
by s/ Donald E. Kinner
KIRK T. MANHARDT
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

June 26, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 26h day of June, 2008, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp