IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A. DEAN OSWALT, REINIE OSWALT, CRAIG OSWALT, MICHELLE OSWALT, KIRK OSWALT and STACIE OSWALT, | ) | |
| Plaintiffs, | ) | No. 97-733c (Senior Judge Futey) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

PLAINTIFFS' RESPONSE TO DEFENDANT'S **PROPOSED** FINDINGS OF **UNCONTROVERTED** FACT

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs Oswalt, submit the following Response to Defendant's proposed findings of uncontroverted fact in support of its motion for summary judgment.

1. Plaintiffs own and lease land in Yakima County, Washington, that is within the boundaries of the Wapato Irrigation Project ("WIP"). Compl. ¶ 4, Plaintiffs' Statement ¶ 1. The land is also within the Yakima Indian Reservation, which was created by treaty in 1855. Compl. ¶¶ 4-5[1].

[1] "Compl." refers to plaintiffs amended complaint. "A" refers to the appendix that was filed with defendant's motion for summary judgment. "Plaintiff's Statement" refers to

**RESPONSE:** Plaintiffs agree.

2. Plaintiffs farm both fee lands and trust lands within the boundaries of the WIP. Plaintiffs' Statement, ¶ I.

**RESPONSE:** Plaintiffs agree.

3. Copies of the plaintiffs' leases for allotments 361, 363, T-1011, 1988, 2303 and T-2303, 3694, 3704 and 3705 are included at pp. 48-107 of the appendix that was filed with defendant's motion for summary judgment.

**RESPONSE:** Plaintiffs agree.

4. During 1994, the Yakima Reservation experienced one of the worst droughts ever recorded. Plaintiffs' Statement, ¶ 21; Oberly Decl., ¶ 2; Howerton Decl., ¶ 6. Consequently, there was a water shortage and the amount of available water was drastically reduced. Plaintiffs' Statement, ¶ 21; Oberly Decl., ¶¶ 2, 3, 6; Cartmell Decl., ¶ 3; Schramm Decl., 1 113.

**RESPONSE:** Plaintiffs agree that there was one of the worst droughts ever recorded in the Yakima River basin in 1994. Plaintiffs only partially agree with the second sentence. The water right attributable to the plaintiffs' property is derived through rights granted to the Yakima

---

Plaintiff's Statement of Genuine Issues of Fact, dated September 30, 1998, which was submitted in response to defendant's proposed findings of uncontroverted fact dated August 31, 1998, in connection with defendant's first dispositive motion in this case.

Indian Nation. Each allotment contains what are called "A" lands and "B" lands. The "A" land has a water right associated with it that is non-proratable. Thus, the "A" lands are to receive 100% of the water that is allocated to that land. Thus, with respect to the "A" lands, there should have been no reduction at all in the water delivered. There would have been a reduction associated with the "B" lands since the water right associated with those lands is subject to being reduced on a pro rata basis. (Plaintiffs' Proposed Fining of Uncontroverted Facts, No. 11).

5. Plaintiff Dean Oswalt did not pay the operation and maintenance ("O&M") assessments for allotments 794 and 1988 until June 23, 1994. Plaintiffs' Statement, ¶ 18; Domondon Decl. 13 and attachment 1; requests for admission nos. 7-12; Oswalt affidavit, ¶ 3.

**RESPONSE:** Plaintiffs agree.

6. Craig Oswalt did not pay the O&M assessment for allotments T-1101, 3704, and 3705 in 1994. Plaintiffs' Statement, ¶ 19; Domondon Decl. ¶ 3 and attachment 1; requests for admission nos. 13-16; Oswalt affidavit ¶ 3.

**RESPONSE:** Plaintiffs agree.

7. Plaintiffs' "Notice of Written Complaint," dated May 12, 2003, did not refer to allotment 794.

**RESPONSE:** Plaintiffs agree.

8. Plaintiffs do not know how much water was provided to allotment 361. Dean Oswalt Dep., p. 56 at 19 - p. 57 at 3, A135-36.

**RESPONSE:** Statement is true, at least in part. There is no mechanism available in the Wapato Irrigation Project to measure the water that a water user receives. (Dean Oswalt Dep. at 19). Also, the statement is somewhat vague. Plaintiffs do not complain of nor do they dispute that they received their pro rata allocation of irrigation water prior to June 10 and after July 24. They have no idea how much water was delivered during that time. However, they do know that from June 10 through July 24 they received little, if any, irrigation water when others around them were receiving water. (Dean Oswalt Dep. at 17-19).

9. Plaintiffs do not know how much water was provided to allotment 363. Dean Oswalt Dep., p. 57 at 25 - p. 58 at 2, A136-37.

**RESPONSE:** Statement is true, at least in part. There is no mechanism available in the Wapato Irrigation Project to measure the water that a water user receives. (Dean Oswalt Dep. at 19). Also, the statement is somewhat vague. Plaintiffs do not complain of nor do they dispute that they received their pro rata allocation of irrigation water

prior to June 10 and after July 24. They have no idea how much water was delivered during that time. However, they do know that from June 10 through July 24 they received little, if any, irrigation water when others around them were receiving water. (Dean Oswalt Dep. at 17-19).

10. Plaintiffs cannot state with reasonable certainty the extent to which the alleged shortfall of irrigation water diminished their crop yields. Dean Oswalt Dep. p. 42 at 24 - p. 47 at 16, A121-26.

**RESPONSE:** Plaintiffs disagree with this statement. Plaintiffs were able to set forth the extent to which they were impacted by the lack of irrigation water with reasonable certainty. (Dean Oswalt Dep. at 42; Affidavit of Dean Oswalt at ¶¶ 3, 4, 7, 8 & Exhibits "A", "B" and "C").

Dated at Yakima, Washington this 1st day of August, 2008.

J. Jay Carroll

STATE OF WASHINGTON )
) ss.
County of Yakima )

SUBSCRIBED AND SWORN TO before me this 1 day of August, 2008.

STATE OF WASHINGTON
DEBORAH A. GIRARD
NOTARY PUBLIC
COMMISSION EXPIRES
FEBRUARY 11, 2009

Deborah A. Girard
Deborah A Girard
(Print Name)
Notary Public in and for the State
of Washington, residing in Yakima.
My Commission Expires: 2/11/09

**CERTIFICATE OF FILING**

I hereby certify that on the 1st day of August, 2008, a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ J. Jay Carroll

G:\JJC\OSWALT\USA\Pleadings\Response to Statement of Facts2.doc