IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A. DEAN OSWALT, REINIE OSWALT, CRAIG OSWALT, MICHELLE OSWALT, KIRK OSWALT and STACIE OSWALT, | ) | |
| Plaintiffs, | ) | No. 97-733c (Senior Judge Futey) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**STATEMENT OF THE CASE**

## A. INTRODUCTION

The plaintiffs are farmers in Yakima County, Washington. In order to grow their crops, they need to apply irrigation water received from the Wapato Irrigation District. In 1994, the Wapato Irrigation District failed to deliver irrigation water to the plaintiffs lands for a period of approximately 44 days. This suit followed.

## B. ISSUES PRESENTED

1. Did the Court of Appeals, in its previous opinion in this case, dismiss the remaining claims of the plaintiffs?

2. Have the plaintiffs presented evidence to, at the very least, create a genuine issue of material fact as to the damages that they have sustained in this case?

## C. ARGUMENT

1. The Court of Appeals did not Dismiss the Claims that Now Remain.

On October 17, 2000, this Court filed his opinion on the cross motions presented. The Court ruled that the plaintiffs could pursue claims against the defendant with respect to the lands they owned (Allotment 794) and those allotments that they had signed leases with: 1988, 363, 3694, T-1011, 3704, 3705, 2303 and T-2303. (A22-23) As to the other properties upon which the plaintiffs made claim upon, the Court dismissed those claims because it found that there was no privity of contract between the plaintiffs and defendant. (A22, 25 & 28).

Plaintiffs appealed this Order. No cross-appeal was filed by the defendant. It is undisputed that the defendant raised the issue of late

payment of assessments as a basis for the trial Court to grant its motion to dismiss the entirety of the plaintiffs' claims. (Carroll Declaration at Exhibit "D" ). The issue was clearly raised by the parties. (Carroll Declaration at Exhibits A-D). Despite the existence of this argument, the Court found that the claims as set forth above could go forward. Defendant did not appeal that decision to the Court of Appeals.

If the doctrine of the "law of the case" is applicable herein, it is applicable as to the plaintiffs' claims. The Court has previously ruled that those claims may go forward and the Defendant did not appeal from that decision. The defendant has already had its opportunity to argue the applicability of its "late payment" argument and this Court did not find the argument persuasive. That decision now binds the defendant.

Secondly, in their appeal to the Federal Circuit, the propriety of this Court's ruling as to the claims that survived was not at issue. Even so, the Appellate Court confirmed this Court's determination as to that issue:

> Instead, we agree with Court of Federal Claims that the only express contracts with the United States to which the Oswalts were parties were the Applications for Water Rights for the land the Oswalts proved they owned in fee, and the Oswalts' direct leases with the government for the trust lands.

(A31)

The discussion cited by the defendant in its opening brief is pure dicta from the Court of Appeals. It is directed to the plaintiffs' argument on appeal that the defendant's actions had risen to the level of an "implied in fact" contract. The Court disagreed. If the law of the case doctrine is to apply in this case, it must operate to allow the claims since that is what this Court has decided and the defendant did not appeal from that decision. Accordingly, the defendant's motion for summary judgment should be denied.

2. At the Very Least, Genuine Issues of Fact Exist as to the Damages Sustained by the Plaintiffs Herein.

The short answer to the defendant's argument in this regard is that genuine issues of material fact exist. Even during the course of the deposition, Dean Oswalt was asked about the damages as set forth in the tort claim that he had filed:

Q. Okay. And you filed a tort claim ultimately?

A. We did so, due to his suggestion.

Q. Okay. And the information that you filed in connection with that tort claim is accurate, correct?

A. As much so as we had. We farmed it, we took the crop to the end, we reaped it, and we established the yields of that. And you see those averages before you.

> Q. So where you talk about an average yield in those documents, those are the correct average yields for your allotments.
>
> A. '94, yes.

Dean Oswalt Dep. at 42 (A121).

Those tort claims are attached to the Affidavit of Dean Oswalt filed in connection with this response as Exhibits "A" and "B". Attached as Exhibit "C" is a summary of the damages sustained by the plaintiffs in connection with the failure of the defendant to deliver irrigation water in 1994.

Mr. Oswalt has been in the farming business for over 34 years at the time of the loss in 1994. He was familiar with his "average yields" on his land and had direct knowledge of the actual yields in 1994. He knew the prices they were receiving in 1994. He then sets forth the damage computation.

There is nothing speculative about Mr. Oswalt's testimony as to damages and the claims submitted. The questions asked at his deposition as quoted in the defendant's motion are not relevant to the discussion of damages herein. Mr. Oswalt was asked general questions about receiving "x" amount of irrigation water and how that hypothetical water would affect a hypothetical crop grown. That's not what happened in 1994. In 1994, the plaintiffs went without any irrigation water for a period of approximately 44

days. While they had irrigation water both before and after the period of June 10 through July 24, that fact did not resurrect dead corn plants nor fully heal the other corn plants that had been severely damaged. The results of that lack of water are outlined by Mr. Oswalt.

While the defendant may very well choose to attempt to use the Oswalt deposition testimony in an attempt to "impeach" Mr. Owalt's testimony, that would go to the weight of the testimony to be given. At the very least, genuine issues of material fact exist as to the damages sustained in this case and, accordingly, the defendant's motion should be denied.

**CONCLUSION**

The defendant's motion for summary judgment should be denied. The law of the case doctrine should actually be applied to preclude the defendant's argument, not support it. This Court has already considered the defendant's argument as to "late payments" and has rejected them. The defendant did not appeal that decision. That issue was not presented to the Court of Appeals for determination. Secondly, at the very least, issues of fact exist as to the damages sustained by the plaintiffs in this case.

Accordingly, the defendant's motion should likewise be denied in this regard as well.

RESPECTFULLY SUBMITTED this 1st day of August, 2008.

s/ J. Jay Carroll
J. JAY CARROLL, WSBA #17424
VELIKANJE HALVERSON P.C.
*Attorneys for Plaintiffs*
405 East Lincoln Avenue
P.O. Box 22550
Yakima, WA 98907
Tele: (509) 248-6030
Fax: (509) 453-6880
jcarroll@vhlegal.com

**CERTIFICATE OF FILING**

I hereby certify that on the 1st day of August, 2008, a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ J. Jay Carroll

G:\JJC\OSWALT\USA\Pleadings\Memo in Opposition .doc