# EXHIBIT B

7

SUPERIOR COURT OF WASHINGTON FOR YAKIMA COUNTY

| | |
|---|---|
| IN THE MATTER OF THE DETERMINATION OF THE RIGHTS TO THE USE OF THE SURFACE WATERS OF THE YAKIMA RIVER DRAINAGE BASIN, IN ACCORDANCE WITH THE PROVISIONS OF CHAPTER 90.03, REVISED CODE OF WASHINGTON,<br>THE STATE OF WASHINGTON, DEPARTMENT OF ECOLOGY,<br>Plaintiff,<br>vs.<br>JAMES J. ACQUAVELLA, et al.,<br>Defendants. | NO. 77-2-01484-5<br><br>AFFIDAVIT OF GEORGE NICKOLOFF IN SUPPORT OF YRID'S MOTION FOR SUMMARY JUDGMENT OR DECLARATORY JUDGMENT |

George Nickoloff, being first duly sworn on oath, deposes and says:

1. I am a landowner within the Wapato Irrigation Project (hereinafter WIP) located on the Yakima Indian Nation Reservation (hereinafter YINR). My father and grandfather before me have owned property within the WIP since 1927 and I grew up on the family farm. During these years, I have had the opportunity to observe the operation of the irrigation facilities within the WIP and can testify to this operation from my own knowledge and personal experiences.

2. This affidavit is being prepared and is in support of the Yakima Reservation Irrigation District's Motion For Declaratory/Summary Judgment On Threshold Issues.

3. The property which I own is also located within the Yakima Reservation Irrigation District (hereinafter YRID). I am the president of the Board of Directors for this irrigation district and have been on this Board of Directors since 1977. As president, board



EXHIBIT "A"

Law Offices
LYON, BEAULAURIER, WEIGAND, SUKO & GUSTAFSON
Lyon Law Offices — 222 North Third Street
P. O. Box 1689
Yakima, Washington 98907
Telephone (509) 248-7220
Telecopier (509) 575-1883

8

member and member of the irrigation district, I have had regular contact with the personnel which operate and manage the WIP's irrigation facilities.

4. The WIP is comprised of four smaller projects. These projects are the Wapato-Satus unit, the Toppenish-Simcoe unit, the Ahtanum unit and the Additional Works unit. The Additional Works unit is completely within the Wapato-Satus unit. All of the members of the YRID are within the Toppenish-Simcoe unit, the Wapato-Satus unit and the Additional Works unit except 40 acres in the southern half of Yakima County Parcel No. 171023-23001. The boundaries of these units were set forth in the 1962 Designation Report which is Exhibit 552056 filed herein by the YRID pursuant to Pre-trial Order No. 10.

5. All members of the YRID or their predecessors in interest within the Wapato-Satus unit and the Additional Works unit were required to execute a document entitled APPLICATION FOR WATER RIGHT WAPATO-SATUS UNIT, YAKIMA RESERVATION, WASHINGTON. All of the executed Applications For Water Right that apply to the area within the Wapato-Satus unit of the WIP were filed herein by the YRID pursuant to Pre-trial Order No. 10 as Exhibits 550001 - 551527. A copy of the form used by WIP is attached as Exhibit A for easy reference.

6. The Applications For Water Right impressed the property set forth therein with a lien for payment of the charges of providing water to that property. These charges are determined on a pro-ration of costs on the basis of total irrigable acreage. All water users within the WIP must satisfy the annual charges which accrue pursuant to these contracts or the WIP will not deliver water to their properties, and can foreclose upon the properties. The "A" lands, as designated in the Application for Water Right, are only required to pay a pro-rata share of the operation charges, maintenance charges, and their pro-rata share of costs of constructing the irrigation facilities of the WIP. In addition to all charges paid by "A" landowners, the "B" lands are required to pay for the operation, maintenance and construction charges for the Yakima Irrigation



Law Offices
LYON, BEAULAURIER, WEIGAND, SUKO & GUSTAFSON
Lyon Law Offices — 222 North Third Street
P. O. Box 1689
Yakima, Washington 98907
Telephone (509) 248-7220
Telecopier (509) 575-1883

9

Project. All landowners must pay their proportionate share of these costs as set forth therein prior to the receipt of any water from the WIP.

7. I have had the opportunity to view the operation of the irrigation facilities and delivery of water within this project. Each year the landowner pays the WIP for the annual assessments or arranges for the payment of these charges. After the payment of assessments is provided for by the landowner, he is entitled to request that the WIP deliver water to his property. After the water is requested, the ditch rider from the WIP opens the landowner's delivery gate and provides water to the property on a pro-rata continuous flow basis. This water is not measured, even though there are federal regulations which require the WIP to make these measurements. The ditch rider knows the number of acres of land serviced on an irrigation canal and distributes the water as much as possible to each acre of land on a pro-rata basis.

8. The quantity of water that is delivered to each landowner is determined by the number of irrigable acres on his property. The delivery of different amounts of water at different times within the irrigation season is determined by the water available and the needs of the landowners within the project. The ditch riders and personnel of the WIP accommodate these demands if there is sufficient water. If there is insufficient water, all water is diverted pro-rata on the basis of the owner's irrigable acres as compared to all irrigable acres within their unit.

9. The members of the YRID within the Toppenish-Simcoe unit were not required to execute the Application for Water Right. Delivery of water on the Toppenish-Simcoe unit is on a demand basis only. A landowner within this project must request a delivery of water. The ditch rider will then provide water to the landowner of this property on a pro-rata basis as long as the water is available, arrangements for the payment for the water delivery have been made and there are irrigation facilities to provide the water to the property.



Law Offices
LYON, BEAULAURIER, WEIGAND, SUKO & GUSTAFSON
Lyon Law Offices — 222 North Third Street
P. O. Box 1689
Yakima, Washington 98907
Telephone (509) 248-7220
Telecopier (509) 575-1883

10. There is no division of "A" and "B" lands on the Toppenish-Simcoe unit because this project has not been designated. Therefore, all water diverted from the Toppenish Creek, Simcoe Creek and tributaries flowing into these creeks are divided on a pro-rata basis for all landowners demanding the water within the project area.

SUBSCRIBED AND SWORN to before me this 31 day of July, 1991.

George Nickoloff
GEORGE NICKOLOFF

Randall L Ommen
NOTARY PUBLIC in and for the state of Washington, residing at Yakima.
My commission expires: 10/15/93



Law Offices
LYON, BEAULAURIER, WEIGAND, SUKO & GUSTAFSON
Lyon Law Offices — 222 North Third Street
P. O. Box 1689
Yakima, Washington 98907
Telephone (509) 248-7220
Telecopier (509) 575-1883

11