# EXHIBIT C

51

## DAMAGE COMPUTATIONS

Per the Court's ruling in this case, the following allotments are implicated in this case and the plaintiffs are entitled to claim damages associated therewith. Other elements of damage are explained below as well.

**DEAN OSWALT:**

**1. GRAIN CORN:** Dean had grain corn planted on the following allotments:

| | |
|---|---|
| 1988 | 56.9 Acres |
| 0363 | 62.1 Acres |
| 3694 | 40.0 Acres |
| 0361 | 54.0 Acres |
| **TOTAL** | **213 Acres** |

Had the proportionate share of water been available to be used on the crop, the yield should have been 5.5 tons to the acre. The actual production was 2.7 tons to the acre. This left us damaged in the amount of 2.8 tons to the acre. The price for grain corn that year averaged $94 per ton. Thus, 213 x 2.8 x $94= $56,061.60 for grain corn.

**2. SILAGE CORN:** Dean had silage corn planted on the following allotment:

| | |
|---|---|
| 794 | 34.8 Acres |

Had the proportionate share of water been available to be used on the crop, the yield should have been 30.0 tons to the acre. The actual production was 22 tons to the acre. This left us damaged in the amount of 8 tons to the acre. The price for silage corn that year averaged $25 per ton. Thus, 34.8 x 8 x $25= $6,960 for grain corn.

**3. WATER PAYMENTS:** The Court ruled that the plaintiffs had no right to have water delivered to certain allotments and thus dismissed any damage claim associated with the plaintiff's claim of lack of water. However, Dean Oswalt made payment to the defendant for water he apparently wasn't entitled to. He seeks a refund of those amounts associated with allotments: 299, 300, 596, 849, 850, 289, T290, T1131.5B, T2661, T2482 and 263 in the total amount of $19,696.15.

52

4. **MISC. EXPENSES:** In connection with the attempts to obtain water to his property Dean Oswalt also incurred incidental expenses:

| | | |
|---|---|---|
| **a.** | **Hired Labor:** | $3,840.58 |
| **b.** | **Dean's Labor:** | $1,930.00 |
| **c.** | **Fuel** | $3,840.58 |

Those are the principal amount of damages sustained by Dean Oswalt as limited by the Court's rulings.

**CRAIG OSWALT:**

1. **GRAIN CORN:** Craig had grain corn planted on the following allotments:

| | |
|---|---|
| 3704 & 3705 | 45 Acres |
| T2303 & 2303 | 59 Acres |
| T1101 | 49 Acres |
| **TOTAL** | **153 Acres** |

Had the proportionate share of water been available to be used on the crop, the yield should have been 5.5 tons to the acre. The actual production was 2.7 tons to the acre. This left us damaged in the amount of 2.8 tons to the acre. The price for grain corn that year averaged $94 per ton. Thus, 153 x 2.8 x $94= $40,269.60 for grain corn.

2. **WATER PAYMENTS:** The Court ruled that the plaintiffs had no right to have water delivered to certain allotments and thus dismissed any damage claim associated with the plaintiff's claim of lack of water. However, Craig Oswalt made payment to the defendant for water he apparently wasn't entitled to. He seeks a refund of those amounts associated with allotments: 766 and 848 in the total amount of $5,971.60.

3. **MISC. EXPENSES:** In connection with the attempts to obtain water to his property Craig Oswalt also incurred incidental expenses:

| | | |
|---|---|---|
| **a.** | **Craig's Labor:** | $1,080.00 |

Those are the principal amount of damages sustained by Craig Oswalt as limited by the Court's rulings.

**<u>KIRK OSWALT</u>:**

**1. WATER PAYMENTS:** The Court ruled that the plaintiffs had no right to have water delivered to certain allotments and thus dismissed any damage claim associated with the plaintiff's claim of lack of water. However, Kirk Oswalt made payment to the defendant for water he apparently wasn't entitled to. He seeks a refund of those amounts associated with allotments: 849 and T1752 in the total amount of $4,931.24.

This is the principal amount of damages sustained by Kirk Oswalt as limited by the Court's rulings.