IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A. DEAN OSWALT, REINIE OSWALT, CRAIG OSWALT, MICHELLE OSWALT, KIRK OSWALT, and STACIE OSWALT, | ) | |
| Plaintiffs, | ) | No. 97-733C (Senior Judge Futey) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In their 1998 cross-motion for summary judgment and response to the Government's 1998 motion for summary judgment, which plaintiffs have refiled as a renewed motion for summary judgment, plaintiffs argue that they are entitled to summary judgment upon the issue of whether the Government equitably distributed available water to them. Pl. Br. at 3-5.[1] That issue involves contested issues of material fact, and, therefore, plaintiffs are not entitled to summary judgment upon that issue.

As a party moving for summary judgment, plaintiffs bear the burden of demonstrating that there are no genuine issues of material fact regarding the Secretary's effort to ensure an equitable distribution of water, and that they are entitled to judgment as a matter of law. RCFC 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); C&H Commercial Contractors v. United States, 35 Fed. Cl. 246, 250 (1996). A fact is material if it will affect the

[1] The remaining arguments in plaintiff's brief concern issues that were resolved by the Court's opinion dated October 17, 2000, and the decision of the United States Court of Appeals for the Federal Circuit dated July 12, 2002.

outcome of the case, and its materiality is determined by the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Thomas Creek Lumber & Log Co. v. United States, 36 Fed. Cl. 220, 234 (1996); Spirit Leveling Contractors v. United States, 19 Cl.Ct. 84, 89 n.1 (1989).

In support of their motion for summary judgment, plaintiffs claim that they are entitled to summary judgment because "[i]t is undisputed that the plaintiffs were not the recipient of their pro-rata share of irrigation water." Pl Br. at 4. In fact, this is a disputed issue.

The agency's analysis indicates that plaintiffs did in fact receive an equitable distribution of available water. Cartmell Dec. ¶¶ 3-5, SA5-6; Cartmell Affidavit ¶¶ 4-6, SA31-32; Oberly Affidavit, ¶¶ 6-8, 11, SA8-10; supplemental Oberly Affidavit, ¶¶ 6-8, SA23-24; administrative decision, A37-39; administrative appellate decision, A42-44. Plaintiffs' assertion that the agency personnel told Dean Oswalt that water had been withheld prior to July 24, 1994, as a result of an error (PPFUF ¶ 22)[2] raises a disputed issue of fact. Mr. Oswalt does not remember whether it was Harry Cartmell or Dana Anteloupe who allegedly made that statement. Id. Mr. Cartmell denies both having made the statement and the existence of such an error. Cartmell Dec. ¶ 5, SA5-6.[3] Mr. Cartwell has also declared that Mr. Anteloupe lacked knowledge regarding the calculations of water available. Cartmell Dec. ¶ 7, SA6.

Contrary to the assertion in plaintiff's motion, the issue of whether the Government performed the contract by making an equitable distribution of available water is a contested

[2] "PPFUF" refers to plaintiff's proposed findings of uncontroverted facts.

[3] "A___" refers to the appendix submitted with our motion for summary judgment. "SA___" refers to the supplemental appendix that is being filed with this brief.

factual issue. Accordingly, in the event that defendant's motion for summary judgment were denied, then the factual issues raised in plaintiff's motion for summary judgment would need to be resolved at trial. Moreover, for the reasons stated in our motion for summary judgment, the Government is entitled to judgment upon all of plaintiffs claims.

## CONCLUSION

For the foregoing reasons, we respectfully request the Court to deny plaintiffs' motion for summary judgment.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

August 1, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 1st day of August, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp