IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A. DEAN OSWALT, REINIE OSWALT, CRAIG OSWALT, MICHELLE OSWALT, KIRK OSWALT and STACIE OSWALT, | ) | |
| Plaintiffs, | ) | No. 97-733c (Senior Judge Futey) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY MEMORANDUM**

COMES NOW the Plaintiffs and submit this brief in reply to the Defendant's Response Brief.

**ARGUMENT**

**A. <u>The Defendant has Failed to Create an Issue of Fact</u>**

In its responsive materials to the Plaintiffs' summary judgment motion, the Defendant sets forth facts establishing that: (1) 1994 was a "drought" year. In fact, it was one of the worst droughts on record; (2) It was difficult to get water to all of the patrons of the Wapato Irrigation Project (WIP) but they did the best they could. Plaintiffs do not dispute that

1994 was a drought year and water was in short supply. Plaintiffs do not dispute that the lack of a "normal" water supply did indeed provide the operators of the WIP with challenges in delivering the patrons, including the Plaintiffs, their equitable share of irrigation water.

The Defendant appears to want to treat this case as some sort of negligence action. It is not. This is a contract action. The Defendant's obligation was to deliver to the Plaintiffs their "equal distribution" of irrigation water. It is undisputed on the record before this Court that the Defendant failed in this regard. It is undisputed that the Plaintiffs received little or no irrigation water from June 10 through July 25, 1994. It is undisputed that other patrons of the WIP were receiving irrigation water during this same time frame. It is undisputed that the Plaintiffs were deprived of their equal distribution of irrigation water from the WIP. Accordingly, summary judgment is appropriate.

The Defendant attempts to create an "issue of fact" as to whether the lack of water was due to a mathematical mis-calculation. While this might be an issue of fact, it is not a genuine issue of material fact. As noted above, this is not a negligence case. It doesn't matter why the Defendant didn't deliver the Plaintiffs' equal distribution of irrigation water. The only thing of relevance is that the water was not delivered.

The materials cited by the Defendant do not create issues of fact as to the clear and unequivocal declarations of the Plaintiffs that they did not receive irrigation water between June 10 and July 25. At best, the information cited establishes that there was water in the general system. However, the point of this lawsuit and the declarations provided in support of this motion establish that that water never made it to the Plaintiffs' property. The Defendant can cite nothing to the contrary. In fact, the Defendant admits that it was "impossible" to deliver sufficient water to the Plaintiffs' property:

> It was especially difficult to provide water to the Oswalts because the land they farm is located in the lower Wapato and Satus units. Indeed, as explained in my June 27, 1997 affidavit, the drought made it impossible to deliver sufficient quantities of water to the lower Wapato and Satus units.

November 30, 1998 Declaration of Harry Cartmell at ¶ 4 (SA 5)

It does not matter why the Defendant did not deliver the Plaintiffs' equitable distribution of irrigation water in 1994. All the Plaintiffs asked for was the same share of irrigation water that other patrons of the WIP were given. Instead, they received virtually nothing between June 10 and July 25. These facts are undisputed and make summary judgment appropriate in this case.

## CONCLUSION

The Defendant has failed to create and issue of fact in this case. It is undisputed that the Plaintiffs were not provided their "equitable distribution" of irrigation from the WIP. Accordingly, summary judgment should be granted.

RESPECTFULLY SUBMITTED this 10th day of September, 2008.

s/ J. Jay Carroll
J. JAY CARROLL, WSBA #17424
VELIKANJE HALVERSON P.C.
*Attorneys for Plaintiffs*
405 East Lincoln Avenue
P.O. Box 22550
Yakima, WA 98907
Tele: (509) 248-6030
Fax: (509) 453-6880
jcarroll@vhlegal.com

G:\JJC\OSWALT\USA\Pleadings\Reply Brief.doc

## CERTIFICATE OF FILING

I hereby certify that on the 10th day of September, 2008, a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ J. Jay Carroll