IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A. DEAN OSWALT, REINIE OSWALT, CRAIG OSWALT, MICHELLE OSWALT, KIRK OSWALT, and STACIE OSWALT, | ) | |
| Plaintiffs, | ) | No. 97-733C |
| | ) | (Senior Judge Futey) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States, respectfully submits this reply in support of its motion for summary judgment. In our initial brief, we established that, pursuant to the law of the case as set forth by the United States Court of Appeals for the Federal Circuit, the Government had no obligation to provide water to the allotments for which the Oswalts had not timely paid the operation and maintenance ("O&M") assessments.[1] We also established that, with respect to the three parcels for which plaintiffs had timely paid the O&M assessments, plaintiffs cannot establish damages with reasonable certainty.

Plaintiffs' opposition brief is not entirely clear, but we understand plaintiffs to be arguing that the appellate decision is not dispositive with respect to their remaining claims because those claims were not reviewed by the court of appeals. Although it is true that the court of appeals did not review the exact claims at issue here, the court of appeals did examine legally identical

[1] These allotments are Nos. 794, 2303 and T-2303, 3704, 3705, and T-1011. Defendant's Proposed Findings Of Uncontroverted Fact ("DPFUF") Nos. 5 and 6.

claims, and held that the Government owed no duty to provide water to the plaintiffs with respect to those claims.

In our first dispositive motion, dated September 10, 1998, we requested that the Court dismiss, or, in the alternative, grant summary judgment upon all of plaintiffs' claims. We argued that the plaintiffs were not in contractual privity with respect to some of the allotments, and therefore could not pursue claims for those allotments. We also argued, as we do here, that the Government was entitled to summary judgment with respect to the allotments for which plaintiffs did not make timely O&M payments. Finally, we argued that the Court did not possess jurisdiction to entertain any of plaintiffs' claims, because they had not exhausted their administrative remedies.

In its opinion dated October 17, 2000, the Court dismissed for lack of jurisdiction the claims based upon allotments for which plaintiffs were not in privity. A12-13, 16.[2] The Court denied our motion with respect to the remaining claims, and stayed the case so that plaintiffs could pursue administrative remedies for the remaining claims. A27-28. The Court did not reach the issue of whether the Government was entitled to judgment concerning the allotments for which plaintiffs did not make timely O&M payments.

Plaintiffs appealed to the Court of Appeals for the Federal Circuit. Upon appeal, the Government made the same arguments that it made in this Court. The court of appeals affirmed, upon different grounds, the dismissal of the non-privity claims. The court of appeals held that those claims should have been decided upon the merits, instead of being dismissed for lack of jurisdiction. A30. The court of appeals addressed both of the Government's merits-based

---

[2] "A___" refers to the appendix to our motion for summary judgment.

arguments: (1) lack of privity; and (2) failure to pay O&M assessments. A31-32. The court of appeals agreed with this Court that the plaintiffs were not in privity of contract with respect to the dismissed claims. A31.

The court of appeals also held that plaintiffs could not establish the existence of implied-in-fact contracts for parcels for which they had not timely paid their O&M assessments, because the Government owed no duty to provide water under those circumstances:

> As to leases of trust lands, the regulations provide that "[w]ater will not be delivered to Indian trust or restricted lands that are under lease approved by the Secretary of the Interior or his authorized representative acting under delegated authority <u>until the lessee has paid the annual assessed operation and maintenance charges.</u>" 25 C.F.R. § 171.17(b) (2001). The regulation further provides that, as a <u>precondition to the delivery of water</u>, the operation and maintenance assessments are to be paid, or payment is to be arranged, in a timely fashion. <u>Id.</u> The Oswalts do not dispute that the operations and maintenance assessments they paid in 1994 were late. <u>Therefore, the Oswalts cannot establish the obligation by the government to deliver water, or consequently a breach of that obligation.</u>

A32 (emphasis added).

To be sure, the decision of the court of appeals specifically addressed only the non-privity claims.[3] But with regard to the O&M assessments, there is no legal distinction between the non-privity claims reviewed by the court of appeals and the claims that are the subject of our current summary judgment motion. The same regulation, 25 C.F.R. § 171.17(b), applies. The court of appeals has already determined that the regulation makes timely payment of O&M assessments a precondition to the Government's duty to deliver water. Given that the same regulation applies

---

[3] The court of appeals held that this Court's order staying the remaining claims so that plaintiffs could pursue administrative remedies was not a final, appealable order, and therefore the court of appeals did not possess jurisdiction to review it. A32.

to all of the plaintiffs' claims (and plaintiffs have not argued otherwise), this Court must follow the decision of the court of appeals and find that the Government owed no duty to provide water to the parcels for which plaintiffs did not make timely payment of O&M assessments.

With respect to the three remaining allotments for which plaintiffs did make timely O&M payments (Nos. 361, 363, and 3694), we demonstrated in our initial brief that plaintiffs cannot establish damages with reasonable certainty. We cited the deposition of Dean Oswalt, in which he testified that he did not know how much water was provided to allotment Nos. 361 and 363. Def. Br. at 9-10. We also cited his testimony that in general, it would not be possible to estimate the effect that diminished water deliveries would have on crop yield, other than through a "ball park guess." Id. Mr. Oswalt's guesses are insufficient to establish damages. See Tyger Constr. Co. v. United States, 31 Fed. Cl. 177, 275 (1994) ("[P]roof of damages lies with the plaintiff. A ballpark approximation will not suffice.").

In response, plaintiffs cite other portions of Dean Oswalt's testimony, as well as some documents that he prepared. In particular, they rely upon a damages summary prepared by Mr. Oswalt. Pl. Br. Ex. C. According to the summary, allotment Nos. 361, 363, and 3694 yielded 2.7 tons of grain corn per acre, instead of the 5.5 tons per acre that they would have yielded had "the proportionate share of water been available." Id. at 1.

According to plaintiffs, then, allotment nos. 361, 363, and 3694 yielded slightly less than one half of the amount that they would have yielded if the Government had provided irrigation water. In their opposition brief, plaintiffs explain their damages estimate as follows: "Mr. Oswalt ha[d] been in the farming business for over 34 years at the time of the loss in 1994. He was familiar with the 'average yields' on his land and had direct knowledge of the actual

yields in 1994. He knew the prices they were receiving in 1994. He then sets forth the damage computation." Pl. Br. at 5.

Plaintiffs' explanation is inadequate. Plaintiffs seem to state that the damages calculation is based upon a simple comparison of the actual yield in 1994 to the average yield from other years. If that is their methodology, then it based upon the wrong comparison. The relevant benchmark is not the average yield from years with average rainfall, but rather the yield plaintiffs would have obtained <u>during one of the worst droughts on record</u> (DPFUF No. 4) if they had received irrigation water. Presumably, the severe drought would have reduced crop yields even if the Government had provided irrigation water, but there is no evidence that the plaintiffs' calculation accounts for the effect of the drought.

As we demonstrated in our initial brief, Dean Oswalt was unable to estimate, even in general percentage terms, the extent to which reduced amounts of water would diminish crop yields. Plaintiffs claim that this testimony is irrelevant, because their claims are based upon Mr. Oswalt's testimony that they "went without any irrigation water for a period of approximately 44 days." Pl. Br. At 5-6. In fact, however, Dean Oswalt gave inconsistent testimony about the 44-day period. At times he testified that the plaintiffs received "zero" or "nil" amounts of water. Dean Oswalt Dep. p. 17 at 7-13; p. 18 at 11 – p. 19 at 3. At other times, he testified that the plaintiffs received small amounts of irrigation water. Dean Oswalt Dep. p. 19 at 7-10; p. 21 at 9-12; p. 41 at 9-12.

Even when all of the factual inferences are drawn in plaintiffs' favor, summary judgment for the Government is appropriate. In order to estimate damages with reasonable certainty, plaintiffs must use a model that is: "based on sufficient factual evidence; uses assumptions and

calculations that are based in factual evidence; and is credible." Land Grantors v. United States, 81 Fed. Cl. 580, 612 (2008) (citing Columbia First Bank, F.S.B. v. United States, 60 Fed. Cl. 97, 106, 108 (2004)). Plaintiffs have not satisfied any of these criteria. They have not been able to explain the extent to which, in general terms, a reduced quantity of water will affect crop yields. Nor have they offered any reasonably specific explanation of how the alleged shortfall of irrigation water caused a roughly one-half reduction in yield during a severe drought. Instead, they have offered a crude comparison of their 1994 yield and the historical average. This comparison is insufficient, as a matter of law, to establish damages with reasonable certainty.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court issue summary judgment in favor of the Government.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

September 10, 2008 Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 10th day of September, 2008, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp